IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                                  NO. 11-CR-50120

BYRON LARA

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is a pro se 28 U.S.C. § 2255 motion (Doc. 28) filed by the Defendant/Movant Byron Lara. The Government has filed a Response (Doc. 32), and the matter is now ripe for consideration. The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows:

On September 5, 2012, Defendant pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(2), as charged in Count Two of the Indictment filed against him. (Doc. 21.) On April 2, 2013, a judgment was entered sentencing the Defendant to 151 months imprisonment, 5 years supervised released, a $7,500.00 fine, and a $100.00 special assessment. (Doc. 26.) Defendant did not file a direct appeal.

-1-

On August 28, 2013, Defendant filed the § 2255 motion now before the Court. In this motion, Defendant argues that his sentence was improperly enhanced based on facts that were not alleged in the Indictment, in violation of <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), which Defendant argues applies retroactively.

In <u>Alleyne</u>, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. <u>Id.</u> at 255; <u>see also</u> <u>United States v. Davis</u>, 736 F.3d 783, 784 (8th Cir. 2013). Defendant's criminal judgment was entered on April 2, 2013. Because he did not file a direct appeal, Defendant's conviction became final on April 16, 2013, when the fourteen-day period for filing a notice of appeal expired. <u>See</u> Fed. R. App. P. 4(b)(1)(A); <u>Anjulo-Lopez v. United States</u>, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (conviction became final upon expiration of period for filing notice of appeal where defendant did not file notice of appeal). <u>Alleyne</u> was decided on June 17, 2013, after Defendant's conviction became final. While the Eighth Circuit Court of Appeals does not appear to have addressed the issue, other courts have consistently held that <u>Alleyne</u> does not apply retroactively to cases on collateral review. <u>See, e.g.</u> <u>United States v. Winkelman</u>, 2014 WL 1228194, at *2 (3rd Cir. 2014); <u>United States</u>

v. Harris, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Redd, 735 F.3d 88, 91 (2d Cir. 2013); United States v. Stewart, 2013 WL 5397401, at *1 n. (4th Cir. 2013); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013).  In any event, as the Government points out, Alleyne does not apply to Defendant's case, as the enhancements did not increase the maximum or minimum penalty that Defendant faced.  See United States v. Villasenor, 2014 WL 807050, at * 2 (9th Cir. 2014); Iheke v. Haynes, 2014 WL 806143, at *3 (E.D. Ark. 2014).

Based upon the foregoing analysis, the undersigned recommends that Defendant's **§ 2255 motion (Doc. 28)** be **DENIED and DISMISSED WITH PREJUDICE**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of

appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of June, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)